## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
## Judge Raymond P. Moore

Civil Action No. 20-cv-02477-RM-STV

MORGAN BUFFINGTON, individually and on behalf of all others similarly situated,

    Plaintiff,

v.

OVINTIV USA INC.; and
NEWFIELD EXPLORATION COMPANY,

    Defendants.

---

## ORDER

---

Plaintiff seeks conditional certification of "safety consultants" in this Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., putative collective action. At issue is Plaintiff's Motion for Conditional Certification and Notice to Putative Class Members (the "Motion") (ECF No. 21), which Defendants oppose. The matter is now fully briefed. After considering the Motion, court record, and applicable law, and being otherwise fully advised, the Court finds and orders as follows.

### I.    BACKGROUND

Defendants are large oil and gas companies headquartered in Colorado who operate throughout the United States. Plaintiff alleges that he is a "safety consultant"[1] who was employed by Defendants to monitor, inspect, and collaborate with Defendants' other employees

---

[1] At times it appears Plaintiff uses "safety consultant" and "safety advisor" synonymously.

regarding the safety of operations in the field, i.e., at Defendants' jobsites. Plaintiff alleges that Defendants misclassified safety consultants as independent contractors and violated the FLSA by failing to pay them overtime.

## II.   DISCUSSION

### A.   The Conditional Collective Certification

Plaintiff claims that, in violation of the FLSA, he was not paid overtime compensation to which he was entitled. Plaintiff submitted a declaration, made pursuant to 28 U.S.C. § 1746, in support of his Motion. There, Plaintiff stated that he was Defendants' safety consultant between February 2017 and December 2019[2] whose job was to ensure the safety of Defendants' jobsite and personnel in accordance with applicable regulations and standards. He was treated as an independent contractor and paid a flat sum or "day-rate" for each day that he worked, regardless of the number of hours worked each day or week. He worked a substantial amount of overtime, often working more than 12 hours each day, for weeks at a time, but was not paid compensation for such overtime. He knows, based on his experience working for Defendants, his observations on location, and his conversations with co-workers, that Defendants' other safety consultants performed the same or similar jobs; were classified as independent contractors; and were paid a day-rate in the same manner under Defendants' standard pay practice. Plaintiff also submitted eight other declarations, from other safety consultants with varying job titles, which stated essentially the same thing.

---

[2] Plaintiff's complaint alleges he worked from "approximately" October 2016 to December 2019, but his declaration states that he worked from "approximately" February 2017 through December 2019. This difference in the start date of his alleged employment is immaterial to the Court's analysis or decision.

Plaintiff contends the method and manner in which safety consultants, misclassified as independent contractors, were paid is the result of Defendants' uniform corporate policy – a common pay practice – which disregards the number of hours safety consultants work each week. Thus, Plaintiff seeks to represent a collective consisting of "all safety consultants who worked for, or on behalf of [Defendants] during the past 3 years who were classified as independent contractors and paid a day-rate with no overtime." Plaintiff argues safety consultants are similarly situated and contends his Motion should be granted.

Defendants oppose Plaintiff's Motion, arguing the Court should apply the standard announced by the Fifth Circuit in *Swales v. KLLM Transp. Servs., L.L.C.*, 985 F.3d 430, 434 (5th Cir. 2021) to allow discovery first or, alternatively, to deny the Motion in whole or in part. Defendants also submitted a declaration, challenging Plaintiff's allegations and declarations. The Court addresses the arguments in turn.

1. **The *Swales* Standard**

Defendants argue the Court should apply the standard articulated in *Swales* to decide the Motion. The *Swales* court stated that, "[i]n our view, a district court must rigorously scrutinize the realm of 'similarly situated' workers, and must do so from the outset of the case, not after a lenient, step-one 'conditional certification.'" *Swales*, 985 F.3d at 434. Based on this standard, Defendants contend the Court should stay any decision on the Motion to allow them to conduct discovery on the issue of whether Plaintiff and others who have opted-in are similarly situated to the proposed nationwide members consisting of Defendants' safety consultants.

Plaintiff, unsurprisingly, contends the Court must follow long-standing Tenth Circuit precedent set forth in *Thiessen v. Gen. Elec. Cap. Corp.,* 267 F.3d 1095, 1105 (10th Cir. 2001)

and that, even if the Court could deviate from the *Thiessen* standard, it should not. In *Thiessen*, the Tenth Circuit discussed three approaches for determining whether plaintiffs are "similarly situated" for purposes of the FLSA and approved the district court's two-step *ad hoc* approach, stating it was arguably "the best of the three approaches." *Id*. at 1105. The Court need not decide the merits of *Swales'* legal analysis, and whether it is viable in light of *Thiessen*, because it agrees with Plaintiff and finds no reason to deviate from *Thiessen*, even if it could do so.

### 2. *Thiessen's Ad Hoc* Approach

Under the two-stage *ad hoc* approach approved in *Thiessen*, at the initial notice stage, "a court requires nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan." *Thiessen,* 267 F.3d at 1102 (quotation marks, brackets, and citation omitted). This standard is "fairly lenient," *see id.* at 1103, and the Tenth Circuit has cautioned district courts to "avoid focusing on the merits" underlying the claims. *See Adamson v. Bowen*, 855 F.2d 668, 676 (10th Cir. 1988) (cautioning in context of Rule 23).

At the second stage, generally made "[a]t the conclusion of discovery (often prompted by a motion to decertify), the court then makes a second determination, utilizing a stricter standard of 'similarly situated.'" *Id.* at 1102-03. It is at this second "stricter standard" stage where the Court considers factors such as "(1) disparate factual and employment settings of the individual plaintiffs; (2) the various defenses available to defendant which appear to be individual to each plaintiff; [and] (3) fairness and procedural considerations." *Id*. at 1103 (quotation marks and citation omitted).

As stated, Plaintiff contends safety consultants are similarly situated. Defendants contend Plaintiff's declarations omit material facts which show the safety consultants are not similarly situated. Specifically, Defendants argue their safety consultants (1) were provided and compensated by multiple third-party staffing companies (2) worked in multiple (three) operating areas (3) for two separate companies (Defendants Newfield and Ovintiv). However, Defendants contend, Plaintiff and the other declarants provided services only through third-party staffing companies Petro Safety Services, LLC or RWDY, worked only in the Anadarko operating area, and worked only for Newfield. Thus, Defendants conclude, Plaintiff fails to – and cannot – show that a nationwide collective of safety consultants provided through other third-party staffing companies, working in other operating areas, or working for Ovintiv are similarly situated to Plaintiff.

Plaintiff's reply argues that he is similarly situated to those he seeks to represent, regardless of the staffing company, locations worked, or any other individualized factor. This is because, Plaintiff contends, Defendants treated all putative collective action members as independent contractors who were paid a flat day-rate regardless of where they worked, which company they were staffed by, or any other individualized factors.

***Sufficiency of Allegations and Declarations.*** Defendants contend the allegations in the complaint are too conclusory and the declarations contain hearsay and statements unsupported by personal knowledge. Therefore, Defendants assert, Plaintiff fails to present "substantial allegations" to support relief. The Court agrees that the allegations in the complaint, standing alone, may be insufficient. However, the Court may consider the declarations which, even discounting any hearsay, are supported by the declarants' personal experiences and observations.

5

And, contrary to Defendants' contention, the Court finds the allegations – coupled with the declarations – are sufficient to constitute "substantial allegations." The Court addresses below the reach of these substantial allegations as it applies to other third-party staffing companies, in other operating areas, and to Ovintiv.

      ***Single Pay Structure.*** Defendants contend Plaintiff's allegation that he and other safety consultants nationwide received a flat day-rate without overtime would require the Court to speculate that third-party staffing companies nationwide paid their safety consultants similarly to Petro Safety. Defendants argue Plaintiff's case is similar to *Nelson v. FedEx Ground Package Sys., Inc.*, No. 18-CV-01378-RM-NYW, 2018 WL 6715897 (D. Colo. Dec. 21, 2018), *recommendation adopted*, 2019 WL 1437765 (D. Colo. Feb. 8, 2019) (Moore, J.), where the Court found the allegations and supporting documents insufficient. The Court disagrees.

      *Nelson* is distinguishable as plaintiff alleged he was employed by an independent service provider ("ISP"), whom defendant relied on to deliver packages, and failed to provide substantial allegations to allow for the conclusion that defendant promulgated and bound its ISPs to a single action, plan, or policy. Plaintiff there instead relied on substantial allegations that defendant and the ISPs worked closely together, to reach an inference of a single decision, policy, or plan which affected third-party employee compensation. No such allegations or theories are relied upon here. Instead, Plaintiff alleges that safety consultants were all misclassified as independent contractors when they were in fact Defendants' employees and that Defendants dictated their compensation. Although Defendants dispute and challenge these allegations, these arguments mainly go to the merits of the case or the stricter second standard.

***Other Places, Other Employer.*** Defendants contend Plaintiff's proposed collective definition is too broad geographically and too broad in time. Defendants also assert that neither Plaintiff nor any of the declarants ever worked for Ovintiv. Therefore, Defendants conclude, the Motion should be denied or the class definition should be limited to similar circumstances. On this record, at this stage, the Court disagrees.

The Court starts with the issue of which Defendants were the alleged employers of Plaintiff and the other declarants. The declarations all state the safety consultants were employed by Newfield *and* Ovintiv. The complaint alleges both Defendants were Plaintiff's employers. Defendants' declaration states otherwise – that Plaintiff and declarants provided services only for Newfield. At this stage, the Court does not resolve factual disputes. Accordingly, the Court rejects Defendants' argument that conditional certification should not be had as to safety consultants of Ovintiv.

Next, Defendants contend that any conditional certification should be limited to the Anadarko operating area because that was the only area in which Plaintiff and declarants provided safety consultant services. But Plaintiff alleges that Defendants have a standard pay practice for safety consultants – a flat day-rate for days worked and no overtime regardless of how many hours worked – which Defendants' declarant has not disputed.[3] Thus, on this record, it matters not where the safety consultants' services were performed. Accordingly, this argument also does not show conditional certification should not be had or should be limited.

---

[3] Defendants state they do not determine how Petro Safety compensated safety consultants. But at issue is how Defendants compensated safety consultants. Perhaps, at the end of the day, Plaintiff's theory may not fly. But that is an issue for another day.

Finally, Defendants assert the class definition is too broad in time. It is unclear to the Court what this means and Defendants did not elaborate. Accordingly, this argument is waived.

### B. The Proposed Notice and Consent

Defendants contend that, in the event the Court deems conditional certification to be proper, the parties be allowed to confer on the notice and method of distribution. The Court agrees, with a caveat.

The Court has reviewed the proposed notice and consent form and the parties' positions regarding these documents. To assist the parties with their conferral, the Court provides some guidance.

First, Defendants apparently have information as to potential collective members; therefore, they need to provide what information they do have to Plaintiff. If Defendants require additional time, the Court expects the parties to work in good faith to reach an agreement. Of course, if they cannot do so, the Court will pick a time period for them.

Second, notice by text, e-mail, and mail is reasonable, especially since the safety consultants work far afield at jobsites.

Third, no reminder notice may be issued. However, if any mail is returned as deliverable, and that particular putative member has not otherwise received notice, Plaintiff may attempt to locate a better mailing address and resend a notice by mail.

Fourth, and finally, the proposed notice should state the Court "authorized" – not "ordered" – the notice; reflect that there has been "conditional" certification; state that the action is for "alleged" unpaid overtime; and state more clearly that the safety consultant may, if he or she wishes, retain separate counsel at his or her own expense.

### III.     CONCLUSION

In light of the lenient standard, the Court finds the record sufficient to support allowing a nationwide conditional certification. If the facts are as Defendants contend, they will have an opportunity to seek decertification and such other relief as they deem appropriate. As Judge Jackson stated in *Daugherty v. Encana Oil & Gas (USA), Inc.*, 838 F. Supp. 2d 1127, 1133 (D. Colo. 2011), the Court reaches this conclusion without expressing any opinion as to "whether plaintiff would be able to make a sufficient showing to avoid decertification of the conditional class, or whether plaintiff's claims in this case have merit." Accordingly, it is **ORDERED**

(1) That the Motion for Conditional Certification and Notice to Putative Class Members (ECF No. 21) is GRANTED as stated herein; and

(2) That, by August 16, 2021, the parties shall jointly file a proposed Notice and Consent Form for the Court's approval, and identify any disputes between the parties which require resolution by the Court.

DATED this 16th day of July, 2021.

BY THE COURT:

RAYMOND P. MOORE
United States District Judge