IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore

Civil Action No. 20-cv-02477-RM-STV

MORGAN BUFFINGTON, individually and on behalf of all others similarly situated,

    Plaintiff,

v.

OVINTIV USA INC.; and
NEWFIELD EXPLORATION COMPANY,

    Defendants.

## ORDER

By Order dated July 16, 2021, this Court granted Plaintiff's Motion For Conditional Certification in this Fair Labor Standards Act ("FLSA") action. (ECF No. 38.) In granting the motion, the Court applied the *ad hoc* approached approved by the Tenth Circuit in *Thiessen v. Gen. Elec. Cap. Corp.*, 267 F.3d 1095 (10th Cir. 2001), and declined Defendants' invitation to follow the standard decided by the Fifth Circuit in *Swales v. KLLM Transp. Servs., L.L.C.*, 985 F.3d 430 (5th Cir. 2021). Defendants have now returned, requesting the Court to certify the issue of what standard to apply in deciding whether to conditionally certify an FLSA collective and allow notice to be sent. (ECF No. 39.) The Court declines to do so.[1]

### I.     LEGAL STANDARD

Pursuant to 28 U.S.C. § 1292(b), a district court has discretion to certify an interlocutory order for immediate appeal where the order (1) "involves a controlling question of law" (2) "as

---

[1] The Court finds no response to Defendants' motion is required before ruling. *See* D.C.COLO.LCivR 7.1(d) ("Nothing in this rule precludes a judicial officer from ruling on a motion at any time after it is filed.").

to which there is substantial ground for difference of opinion" and (3) "that an immediate appeal from the order may materially advance the ultimate termination of the litigation."

**II.    DISCUSSION**

The Court declined Defendants' invitation to apply the *Swales* standard in its Order granting conditional certification. The Court finds Defendants fail to show the Court should, essentially, revisit that decision and to certify its Order for interlocutory appeal.

First, Defendants argue that *Thiessen*, upon which the Court relied, was not an FLSA case. True. But that is of no moment because although *Thiessen* was an action filed under the Age Discrimination in Employment Act, that Act borrows the opt-in mechanism of the FLSA. *Thiessen*, 267 F.3d at 1102; *Wilson v. DFL Pizza, LLC*, No. 18-CV-00109-RM-MEH, 2019 WL 3002928, at *2 (D. Colo. July 10, 2019); *In re Chipotle Mexican Grill, Inc.*, No. 17-1028, 2017 WL 4054144, at *1 (10th Cir. Mar. 27, 2017) (discussing *Thiessen* as FLSA precedent).

Second, even assuming the approach for conditional certification may involve a "controlling question of law," the Tenth Circuit has already approved an approach which this Court has followed.

Third, while there is obviously a difference between the standard announced by the Fifth Circuit in *Swales* and the *ad hoc* standard approved by the Tenth Circuit in *Thiessen*, the *ad hoc* approach appears to be the majority approach. *Campbell v. City of Los Angeles*, 903 F.3d 1090, 1113 (9th Cir. 2018); 1 McLaughlin on Class Actions § 2:16 (14th ed. 2017). Thus, the Court finds any "split" between the *Thiessen* decision and the *Swales* decision insufficient to support granting interlocutory appellate review.

Finally, Defendants assert that the Tenth Circuit should immediately address the standard to apply when deciding whether to send notice because it would materially advance the ultimate

termination of the litigation. But the Tenth Circuit has already addressed the standard which may be applied.

### III. CONCLUSION

"Interlocutory appeals have long been disfavored in the law, and properly so. They disrupt and delay the proceedings below." *Carpenter v. Boeing Co.*, 456 F.3d 1183, 1189 (10th Cir. 2006). Defendants fail to show that such disruption and delay are appropriate in these proceedings. Accordingly, it is

**ORDERED** that Defendants' Motion for Entry of an Order Certifying an Interlocutory Appeal (or, Alternatively, Motion to Amend Prior Order Granting Conditional Certification) and Motion to Stay the Case Pending Appeal (ECF No. 39) is **DENIED**.

DATED this 23rd day of August, 2021.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge

termination of the litigation. But the Tenth Circuit has already addressed the standard which may be applied.

### III. CONCLUSION

"Interlocutory appeals have long been disfavored in the law, and properly so. They disrupt and delay the proceedings below." *Carpenter v. Boeing Co.*, 456 F.3d 1183, 1189 (10th Cir. 2006). Defendants fail to show that such disruption and delay are appropriate in these proceedings. Accordingly, it is

**ORDERED** that Defendants' Motion for Entry of an Order Certifying an Interlocutory Appeal (or, Alternatively, Motion to Amend Prior Order Granting Conditional Certification) and Motion to Stay the Case Pending Appeal (ECF No. 39) is **DENIED**.

DATED this 23rd day of August, 2021.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge